**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| EUGENE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:09-cv-1515-SEB-TAB |
| D. REYNOLDS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Dismiss**

This is a civil rights action in which the plaintiff is Eugene Anderson and the defendants against whom claims remain (hereafter "the defendants") are police officers Taylor, Reynolds and Haddad. A claim against Officer Skeen has been dismissed through a prior ruling.

Anderson alleges in his complaint that he was stopped "following a high speed chase." He states that after he stopped he exited the car he was driving and officers Taylor and Reynolds approached him with their weapons drawn. He was standing in place while he was approached. Taylor then grabbed Anderson by his shirt and pushed him to the pavement, face down. Reynolds struck Anderson on the top of his head. Next, Anderson was rolled over on his back by the defendants and Taylor performed a knee strike to his abdomen. After Reynolds rolled Anderson back onto his stomach Haddad and Reynolds tased Anderson, injuring him.

Anderson's claim is asserted pursuant to 42 U.S.C. § 1983. The court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331 and 1343(3). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." This provides the pertinent constitutional provision governing the claim against the defendants. *Graham v. Connor,* 490 U.S. 386, 396 (1989)("[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard.").

Anderson does not dispute that his arrest was lawful, and such an arrest justified the use of force by the defendants to effectuate the arrest, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* Nonetheless, the Fourth Amendment prohibits the use of excessive force during the execution of a seizure. *Id.* at 395. *See Estate of Phillips*

*v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U.S. 1116 (1998).

In order to decide whether the amount of force used during a seizure is "excessive," a court examines the totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing government interests at stake. *Jacobs v. City of Chicago,* 215 F.3d 758, 773 (7th Cir. 2000). As has been aptly observed by the Seventh Circuit Court of Appeals in *Sallenger v. Oakes,* 473 F.3d 731, 742 (7th Cir. 2007):

> [S]ince the *Graham* reasonableness inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly.

So it is here, though without the benefit of any facts whatsoever from a summary judgment record.

It is well established that a police officer may not continue to use force against a suspect who is subdued and complying with the officer's orders. *See, e.g., Champion v. Outlook Nashville, Inc.,* 308 F.3d 893 (6th Cir. 2004) (police sat on a prone, restrained man and continued to pepper spray him for seventeen minutes); *Drummond v. City of Anaheim,* 343 F.3d 1052 (9th Cir. 2003) (police knocked Drummond to a prone position, one police officer knelt on him with both knees on his back, another officer placed one knee on Drummond's neck, and the officers laughed at Drummond's protests that they were choking him); *Frazell v. Flanigan,* 102 F.3d 877 (7th Cir. 1996) (officers kicked Frazell and beat him repeatedly with their night sticks after he was restrained), *overruled on other grounds by McNair v. Coffey,* 279 F.3d 463 (7th Cir. 2002). That is basis of Anderson's claims – that the defendants continued to exercise force after he complied with their orders.

Knowing all this, the defendants argue that the complaint is insufficient. They do so on the grounds that they have qualified immunity from Anderson's claim. Under the qualified immunity analysis, government officials performing discretionary functions are immune from suit if "their conduct 'could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Sornberger v. City of Knoxville,* 434 F.3d 1006, 1013 (7th Cir. 2006) (quoting *Anderson v. Creighton,* 483 U.S. 635, 638-39 (1987)). The objective reasonableness test under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case." *Graham v. Connor,* 490 U.S. 386, 396 (1989). That has been done in this case. For the reasons described above, the defendants' motion to dismiss (dkt 24) must be **denied.**

**IT IS SO ORDERED.**

Date: 08/17/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Shannon Lee Logsdon
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
slogsdon@indygov.org

John C. Ruckelshaus
RUCKELSHAUS  KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Eugene Anderson
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168